UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TRACEYANN VASSALL,

               Plaintiff,

          -against-

THE CITY OF NEW YORK, and POLICE OFFICER STEVIE WILLIAMSON, Shield No. 144021, and POLICE OFFICER SEAN RAFFERTY, Shield No. 17816, and POLICE OFFICER TIMOTHY MERRICK, Shield No. 15349, and POLICE OFFICER CLAUDY MILFORT, Shield No. 25188, and SERGEANT EDWIN FERREIRA, Shield No. 29638, each in their individual and professional capacities,

               Defendants.

------------------------------------------------------------ X

**AMENDED COMPLAINT**

Docket No.:15-cv-3612

(MKB)(CLP)

Jury Trial Demanded

      TRACEYANN VASSALL ("Vassall" and/or "Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Amended Complaint against Defendants, the CITY OF NEW YORK ("CITY"), and POLICE OFFICER STEVIE WILLIAMSON, Shield No. 144021, and POLICE OFFICER SEAN RAFFERTY, Shield No. 17816, and POLICE OFFICER TIMOTHY MERRICK, Shield No. 15349, and POLICE OFFICER CLAUDY MILFORT, Shield No. 25188, and SERGEANT EDWIN FERREIRA, Shield No. 29638, (together as "the Police Officers" or "Police Officers"),each in their individual and professional capacities, (all, collectively, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all matters as follows:

## NATURE OF THE CASE

1. This is a civil action seeking monetary damages and other relief based upon the Defendants' unlawful conduct, including the false arrest, false imprisonment, malicious prosecution and denial of Plaintiff's civil rights as secured by the Fourth and Eighth Amendments, vis-à-vis the Fourteenth Amendment of the United States Constitution, as well as under New York's common law.

2. Specifically, Defendants caused Plaintiff to be arrested and imprisoned on charges of menacing in the second degree, resisting arrest, and harassment in the second degree. Defendants arrested, initiated, and maintained a prosecution against Plaintiff without making proper inquiries into the matter and without reasonable or probable cause. The prosecutor eventually moved to dismiss the charges and the court granted the motion. The Defendants' actions were taken while acting with something other than a desire to see the ends of justice served. As a result of Plaintiff's arrest, incarceration, and subsequent prosecution, Plaintiff was caused to suffer physical injuries as well as severe and traumatic emotional injuries, all as a result of the Defendants' egregious, unconstitutional, and tortious conduct.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(1)-(3), 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

4. Plaintiff also invokes this Court's supplemental jurisdiction over all state law claims against Defendants pursuant to 28 U.S.C. §1367, as these state law violations arise out of the same case or controversy as Plaintiff's Federal claims.

2

5. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

6. At all relevant times herein, Plaintiff Vassall is a citizen of the State of New York who currently resides in Kings County. At the time of the incidents alleged herein, Plaintiff was a citizen of the State of New York who resided in Queens County.

7. Defendant CITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY operates and governs the New York Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the general municipal law of Defendant CITY.

9. At all times hereinafter mentioned, the individually named defendants, the Police Officers, were duly sworn police officers employed by NYPD and were acting under the supervision of NYPD and according to their official duties, and are sued in both their individual and official capacities.

10. At all times hereinafter mentioned, the Defendants, either personally or through their employees, acted under color of state law; of a statue, ordinance, regulation, custom, or usage.

11. Defendant Police Officers committed each and all of the acts alleged herein while acting within the scope of their employment with Defendant CITY.

12. Each and all of the actions of the Police Officers, as alleged herein, were done by the Police Officers while acting in furtherance of their employment with Defendant CITY.

3

## ADMINISTRATIVE PREREQUISITES

13. On April 17, 2014, within ninety days of Defendants wrongful conduct, Plaintiff duly filed a notice of claim though the Office of the New York City Comptroller's online system.

14. In accordance with her Notice of Claim, on February 4, 2015, Plaintiff appeared for a 50-h statutory hearing.

15. At least thirty days have elapsed since Plaintiff served notice of the claims herein and Defendants have neglected or refused adjustment of payment thereof. Plaintiff commenced this action within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL ALLEGATIONS

16. On the morning of March 23, 2014, at approximately 7:00 a.m., Plaintiff - - a thirty-year old African-American veteran - - was in her then-home, located at 147-11 Ferndale Avenue, Queens, New York, after returning from her birthday party the night before.

17. Without Plaintiff's permission, five NYPD officers entered Plaintiff's home and proceeded to question her about an alleged confrontation with her landlady.

18. The officers were from the 103rd precinct, which is headquartered in Jamaica, New York.

19. After answering all of the officers' questions, and apparently satisfied with Plaintiff's answers, the officers informed Plaintiff that there were no grounds to arrest her and that they were going to leave.

20. But after leaving Plaintiff's presence for only a brief moment, the officers returned.

21. The officers stated to Plaintiff that she was under arrest. Without providing Plaintiff any opportunity to respond, the officers ordered Plaintiff to put her hands behind her back; but before she could do so, they grabbed and twisted Plaintiff's hands and arms.

4

22. Through screams of pain, Plaintiff told the officers that they were hurting her and requested that the officers tell her why she was being arrested.

23. The officers responded by stating in sum and substance that they did not have to explain anything to Plaintiff, and immediately pulled her to the floor.

24. Once Plaintiff was on the floor, the officers began grabbing, kneeing, kicking, and groping Plaintiff.

25. Specifically, Plaintiff - - who was wearing only a thin dress with no under garments on - - was held on the floor by an officer while others kneed her in the back, chocked her around the neck, and still others lifted Plaintiff's dress and groped her private area.

26. After assaulting and groping Plaintiff for some time, the officers dragged Plaintiff out of her home, placed her in a police car, and took her to the police precinct.

27. Upon arrival at the precinct, Plaintiff was fingerprinted and photographed and placed in a cell.

28. Sometime later, at around 9:00 p.m. that night, after spending over twelve hours in a police cell wearing only a thin dress with no undergarments, Plaintiff was charged with menacing, resisting arrest, and harassment, and released on her own recognizance.

29. Further, as a result of Defendants' conduct, a restraining order was issued against Plaintiff, which prevented her from returning to her home.

30. Moreover, during Plaintiff's arrest and subsequent confinement, the Police Officers threatened her. Specifically, the officers told Plaintiff that if she told anyone that she was in pain she would be held for an even longer period of time and that if she wanted to leave anytime soon, she should tell anyone who asked that she was fine.

31. Plaintiff, obviously fearful of these officers and heeding their warning, told anyone who asked that she was fine. However, this was not the case as Plaintiff was experiencing pain in her abdomen, wrists, arms, neck, breasts, and pelvic region.

32. Immediately after being released from her confinement, Plaintiff went to the Veteran's Affairs ("VA") hospital in Brooklyn to seek treatment for her injuries.

33. One week later, on March 30, 2014, as a result of the assault, arrest, imprisonment, and subsequent inability to return to her home, Plaintiff was admitted to the psychiatric department of the VA hospital with complaints of suicidal ideation.

34. Plaintiff spent the next two weeks in the VA hospital receiving treatment for suicidal ideation, depression, anxiety, insomnia, and hallucinations.

35. Once discharged from the VA hospital, Plaintiff continued to seek psychiatric treatment.

36. As a result of Plaintiff's arrest and subsequent hospitalization, she missed several weeks of college classes, which in turn caused her to have to retake the entire semester. To retake that semester, Plaintiff had to take out additional loans for school and her grades significantly declined.

37. To defend herself in the underlying criminal matter, Plaintiff was compelled to hire a private attorney, at substantial expense, and both she and her attorney had to make repeated court appearances until November 24, 2014, when, upon motion of the District Attorney, the case was dismissed.

38. Defendant City has failed to train, supervise, re-train, or discipline its police staff, including the individually named defendants within.

39. Defendant City employs a well-publicized policy whereby the City, through the NYPD, repeatedly and without cause detains and arrests citizens without the requisite and legally

6

necessary levels of suspicion. The City was deliberately indifferent to an obvious need for training and supervision of its officers.

40. As a direct and proximate result of the acts and omission of Defendants, Plaintiff's civil and constitutional rights were violated through, as described above, the denial of her physical liberty and through verbal and physical abuse.

41. As a direct and proximate result of the acts and omission of Defendants, Plaintiff was subjected to embarrassment, physical and psychological pain and suffering, and mental and physical stress and trauma.

42. As a direct and proximate result of the acts and omission of Defendants, Plaintiff continues to experience physical, psychological and emotional pain and suffering from the injuries.

43. The Police Officers acted with actual malice toward Plaintiff, and with willful and wanton indifference to, and deliberate disregard for the constitutional, statutory, and common law rights of Plaintiff.

## FIRST CLAIM FOR RELIEF AGAINST INDIVIDUAL DEFENDANTS
*(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-a-vis 42 U.S.C. § 1983: False Arrest)*

44. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

45. At all times relevant herein the conduct of the Defendants was subject to 42 U.S.C. §§ 1983, 1986, and 1988.

46. Acting under the color of law, Defendants denied Plaintiff rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

7

    a. By depriving Plaintiff of liberty without due process of law, by taking her into custody and holding her there against her will.

    b. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff her liberty.

    c. By refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

47. Defendants effectuated the arrest of Plaintiff without knowledge or reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.

48. Defendants were acting under the color of state law when they, without probable cause or reasonable suspicion, exercised their authority as police officers to arrest Plaintiff.

49. A reasonable police officer in the Defendants' position would not have arrested Plaintiff because a reasonable police officer would not have cause to believe that there was reasonable suspicion or probable cause to believe that a crime had been or was being committed.

50. Plaintiff was not free to leave because of the individual Defendants' show of authority and was therefore seized within the meaning of the Fourth Amendment.

51. By illegally seizing Plaintiff, the individual Defendants caused Plaintiff to suffer a violation of her Fourth Amendment right to be secure in her person.

## SECOND CLAIM FOR RELIEF AGAINST
## DEFENDANT CITY
*(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis 42 U.S.C. § 1983: False Arrest)*

52. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

53. The CITY, by way of the NYPD, subjected Plaintiff to the Fourth Amendment violations described herein as the individual Defendants' actions were part of the customary practices of the CITY and NYPD.

54. The CITY and NYPD, repeatedly and without cause to do so, stops, detains and arrests civilians. Such repeated Fourth Amendment violations amount to the CITY and NYPD's deliberate indifference to an obvious need for training of its officers, including individual Defendants. This failure to adequately train resulted in individual Defendants' actions that caused Plaintiff harm.

## THIRD CLAIM FOR RELIEF AGAINST
## INDIVIDUAL DEFENDANTS
*(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis 42 U.S.C. § 1983: False Imprisonment)*

55. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

56. As a result of their concerted, unlawful, and malicious detention and confinement of Plaintiff, of which Plaintiff was aware and to which she did not consent, Defendants deprived Plaintiff of both her rights to liberty – without due process of law – and her rights to equal protection of the laws. Further, the due course of justice was impeded in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF AGAINST
## ALL DEFENDANTS
*(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis 42 U.S.C. § 1983 and/or 1986: Refusing or Neglecting to Prevent)*

57. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

58. At all times relevant hereto, the Police Officers, as police officers of the NYPD, were acting under the direction and control of Defendant CITY.

59. Acting under color of law and pursuant to official policy, the Police Officers, and the CITY, knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and/or discipline on a continuing basis, the individual defendant police officers in their duties to refrain from:

   a. Unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

   b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

   c. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

   d. Otherwise depriving Plaintiff of her constitutional and statutory rights, privileges and immunities.

60. Defendants had knowledge of the wrongs conspired to be done, as heretofore alleged, or had they diligently exercised their duties to instruct, supervise, control, and

discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

61. Defendants, directly or indirectly, under color of law, approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described.

62. As a direct and proximate cause of the grossly negligent, reckless, and intentional acts of Defendants as set forth in all paragraphs above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of her constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983 and/or 1986.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT CITY
*(MONELL Claim: Failure to Train, Supervise, and Discipline vis-à-vis 42 U.S.C. § 1983)*

63. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

64. Acting under color of law, Defendant City and its agency, the NYPD, knowingly, recklessly, or with gross negligence failed to train, instruct, supervise, control, and/or discipline, on a continuing basis, defendants the Police Officers in their duties to refrain

from unlawfully and maliciously assaulting, battering, arresting, imprisoning, and prosecuting Plaintiff.

65. The inadequate training/supervision was so likely to result in the aforementioned conduct that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

66. As a result of Defendants' aforementioned conduct against Plaintiff, Plaintiff has suffered both economic and non-economic damages including mental anguish, public ridicule, public stigmatization, and emotional distress.

### SIXTH CLAIM FOR RELIEF AGAINST INDIVIDUAL DEFENDANTS
*(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis 42 U.S.C. § 1983: Malicious Prosecution)*

67. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

68. Defendants instituted a criminal prosecution against Plaintiff by way of Criminal Court Docket Number 2014QN016976 filed in the Criminal Court of the City of New York, County of Queens.

69. The prosecution ended on November 24, 2014, when the Court granted the District Attorney's motion to dismiss the action.

70. The Defendants initiated and maintained a prosecution against Plaintiff without probable cause.

71. The Defendants initiated and maintained the prosecution with malice.

72. As a result of the Defendants' conduct, Plaintiff has been injured physically, mentally, and emotionally.

### SEVENTH CLAIM FOR RELIEF AGAINST
### INDIVIDUAL DEFENDANTS
*(State Law Violation: False imprisonment)*

73. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

74. At all times relevant herein, the Defendants acted with the intention of confining Plaintiff within fixed boundaries, directly resulting in the confinement of Plaintiff to those boundaries and the Plaintiff was aware of her confinement to those boundaries.

75. As a proximate result Plaintiff has suffered both economic and non-economic damages including mental anguish, public ridicule, public stigmatization, and emotional distress

### EIGHTH CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS
*(State Law Violation: Negligence)*

76. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

77. Defendants owed a duty to supervise and/or train the officers and to take steps to prevent events such as occurred here, to wit, the assault, battery, false arrest, imprisonment and the filing of criminal charges not supported by probable cause.

78. Defendants breached that duty by failing to supervise and/or train the officers, causing individual Defendants the Police Officers to commit the assault, battery, false arrest, false imprisonment and the filing of criminal charges not supported by probable cause.

79. As a result of Defendants' breach, Plaintiff has been injured physically, mentally, and emotionally.

13

### NINTH CLAIM FOR RELIEF AGAINST
### INDIVIDUAL DEFENDANTS
### (*State Law Violation: Malicious Prosecution*)

80. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

81. Defendants instituted a criminal prosecution against Plaintiff by way of Criminal Court Docket Number 2014QN016976 filed in the Criminal Court of the City of New York, County of Queens.

82. The prosecution ended on November 24, 2014, when the Court granted the District Attorney's motion to dismiss the action.

83. The Defendants initiated and maintained a prosecution against Plaintiff without probable cause.

84. The Defendants initiated and maintained the prosecution with malice.

85. As a result of the Defendants' conduct, Plaintiff has been injured physically, mentally, and emotionally.

### TENTH CLAIM FOR RELIEF AGAINST
### INDIVIDUAL DEFENDANTS
### (*State Law Violation: Assault*)

86. Plaintiff repeats, re-alleges, and incorporates by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

87. Defendants intended to cause Plaintiff to suffer apprehension of an immediate harmful and/or offensive contact.

88. Defendants intended to cause and did cause Plaintiff to suffer immediate harmful and/or offensive contact.

14

89. The aforementioned conduct has caused Plaintiff severe physical and emotional distress.

90. As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer physical, mental, and emotional damages.

### ELEVENTH CLAIM FOR RELIEF AGAINST INDIVIDUAL DEFENDANTS
*(State Law Violation: Battery)*

91. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92. Defendants intended to touch Plaintiff, without Plaintiff's consent.

93. Defendants intended to touch and did touch Plaintiff causing her to suffer immediate offensive and/or harmful contact.

94. The aforementioned conduct has caused Plaintiff severe physical and emotional distress.

95. As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer physical, mental and emotional damages.

### DEMAND FOR TRIAL BY JURY

96. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. Enter a judgment declaring that Defendants' patterns, practices and omissions, as described above, violate the aforementioned laws;

15

2. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

4. Enter a judgment and award in favor of Plaintiff and against Defendants for reasonable monetary damages, lost earnings, pain and suffering, humiliation, emotional damages, and all other damages owed to Plaintiff in an amount proven at trial, resulting from Defendants' unlawful acts or omissions;

5. Enter a judgment and award in favor of Plaintiff for the compensatory, punitive, and exemplary damages available under all applicable Federal and State laws;

6. Enter a judgment award in favor of Plaintiff for costs, including but not limited to reasonable attorneys' fees, experts' fees, and other costs and expenses of this litigation;

7. Enter a judgment and award in favor of Plaintiff for pre-judgment and post-judgment interest, as provided by law;

8. Award such other and further legal and equitable relief as may be found appropriate and as this Court may deem just and proper; and


...

9. Retain jurisdiction over this action until such time as it is satisfied that Defendants have remedied the practices complained of and is determined to be in full compliance with the law.

Dated:   Great Neck, New York
         February 23, 2016

Respectfully Submitted,
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248 – 5550
Fax. (516) 248 – 6027

By: _____
MICHAEL G. RADIGAN (MR 5151)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MJ 8533)