UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

TRACEYANN VASSALL,

                              Plaintiff,                **ORDER**
                                                                          15-CV-3612 (MKB) (CLP)

                              v.

THE CITY OF NEW YORK, POLICE OFFICER
STEVIE WILLIAMSON, Shield No. 144021,
POLICE OFFICER SEAN RAFFERTY, Shield No.
17816, POLICE OFFICER TIMOTHY MERRICK,
Shield No. 15349, POLICE OFFICER CLAUDY
MILFORD, Shield No. 25188 and SERGEANT
EDWIN FERREIRA, Shield No. 29638,

                              Defendants.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Traceyann Vassall commenced the above-captioned action on June 19, 2015 against Defendants the City of New York, Police Officers Stevie Williamson, Sean Rafferty, Timothy Merrick, Claudy Milford and Sergeant Edwin Ferreira, alleging that on March 23, 2014, Defendants falsely arrested and maliciously prosecuted her in violation of her constitutional rights. (Compl., Docket Entry No. 1.) On February 23, 2016, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 20.) On October 6, 2016, Defendants moved to dismiss the Amended Complaint. (Defs. Letter Encl. Mot. to Dismiss ("Defs. Letter"), Docket Entry No. 41.) Plaintiff requested and was granted an extension of time to respond to the motion, and has since not responded or contacted the Court. (*See* Pl. Ext. Letter, Docket Entry No. 42; Order dated Dec. 21, 2016, Docket Entry No. 44.) By Report and Recommendation dated February 27, 2017 (the "R&R"), Magistrate Judge Cheryl Pollak recommended that the Court dismiss Plaintiff's claims for failure to prosecute. (R&R 4, Docket Entry No. 46.) For the

reasons set forth below, the Court adopts the R&R and dismisses Plaintiff's claims for failure to prosecute.

**I. Background**

On July 6, 2015, attorneys Alexander T. Coleman and Michael J. Borrelli filed notices of appearance as counsel for Plaintiff on behalf of the law firm Borrelli & Associates, PLLC. (Notices of Appearance, Docket Entry Nos. 5, 6.) On May 13, 2016, Borrelli & Associates moved to withdraw as counsel for Plaintiff, citing irreconcilable conflicts. (Mot. to Withdraw, Docket Entry No. 24.) Judge Pollak ordered Plaintiff, her counsel and Defendants' counsel to attend a conference on the motion, and all parties but Plaintiff attended. (*See* Scheduling Order, Docket Entry No. 25; Minute Entry dated May 27, 2016, Docket Entry No. 29.) On May 27, 2016, Judge Pollak granted counsel's motion to withdraw and ordered Plaintiff to advise the Court of whether she intended to continue pursuing her claims *pro se* or would seek counsel. (Order, Docket Entry No. 30.) On July 1, 2016, Plaintiff stated that she would proceed *pro se*. (Pl. Letter dated July 1, 2016, Docket Entry No. 32.)

On September 13, 2016, Judge Pollak held a telephone conference to discuss Defendants' anticipated motion to dismiss the Amended Complaint. (Minute Entry dated Sept. 14, 2016, Docket Entry No. 39.) The parties agreed to a briefing schedule. (*Id.*) On October 6, 2016, Defendants timely served their motion papers on Plaintiff. (*See* Defs. Letter.) On November 3, 2016, Plaintiff requested an extension of time to file her responsive papers because of a medical condition. (Pl. Ext. Letter.) Judge Pollak granted Plaintiff's application on November 8, 2016, extending her time to respond until December 5, 2016, and permitting her to respond by e-mail. (Order dated Nov. 8, 2016 ("November 8 Order"), Docket Entry No. 43.) A copy of Judge

Pollak's November 8 Order was mailed to Plaintiff on November 8, 2016, at the address she provided to the Court and to which Judge Pollak had sent prior orders.

The November 8 Order was returned and stamped "Return to Sender." (*See* Order dated Dec. 21, 2016 ("December 21 Order"), Docket Entry No. 44.) On December 21, 2016, Judge Pollak issued an order advising Plaintiff that "if she continue[d] to refuse to accept correspondence from the Court or if she ha[d] changed addresses without notifying the Court," her claims would be dismissed for failure to prosecute. (*Id.* at 1.) Judge Pollak further directed Plaintiff to contact the Court by January 30, 2017 and to respond to Defendants' motion to dismiss. (*Id.*) Judge Pollak's December 21 Order was mailed and not returned to the Court. Plaintiff never responded to the December 21 Order and never served or filed a response to Defendants' motion to dismiss.

On February 27, 2017 Judge Pollak issued the R&R recommending that the Court dismiss Plaintiff's claims for failure to prosecute unless Plaintiff responded to Defendants' motion to dismiss and contacted the Court by March 13, 2017 to indicate that she wished to continue prosecuting the case. (R&R 4.) On April 5, 2017, Defendants filed a letter in support of dismissal. (Letter Mot. to Dismiss, Docket Entry No. 47.) Both the R&R and Defendants' letter in support of dismissal were mailed to Plaintiff. (*See* Docket Entry No. 48.) Plaintiff has not opposed the R&R.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear

notice of the consequences of their failure to object." *Eustache v. Home Depot U.S.A., Inc.*, 621 F. App'x 86, 87 (2d Cir. 2015) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). This action is dismissed for failure to prosecute. The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 13, 2017
      Brooklyn, New York